**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | |
|---|---|
| **MARK ANTHONY HAIRSTON,**<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>**ROYAL BUILDING PRODUCTS,**<br><br>        **Defendant.** | **Civil Action No. 1:18-CV-0003 (JPJ/PMS)** |

### JOINT RULE 26(F) PLANNING REPORT AND DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff Mark Anthony Hairston ("Plaintiff") and Defendant Royal Building Products, Inc. (collectively "the parties") hereby jointly submit their Planning Report and Discovery Plan and state as follows:

1. The parties conducted their Rule 26(f) conference meeting by telephone on May 10, 2018. The conference was attended by Thomas E. Strelka, Esq. and L. Leigh E. Strelka, Esq. for Plaintiff and Yvette Gatling, Esq. and Joon Hwang, Esq. for Defendant.

2. The parties request that trial commence on **Monday, June 24, 2018 at 9:00 am**. The parties request **three (3) days** for trial.

3. Plaintiff will provide a settlement demand to Defendants within two weeks of the date of this Joint Rule 26(f) Plan. Should the parties be so inclined, they will contact the Magistrate Judge to schedule a mediation.

4. The parties discussed the preservation of discoverable information and have discussed this subject with their respective clients.

5. <u>Discovery Plan</u>: If acceptable to the Court, the parties jointly propose the following discovery plan and deadlines:

(a) <u>Initial Disclosures</u>: The parties have agreed to exchange their initial disclosures under Rule 26(a)(1) on June 8, 2018.

(b) <u>Discovery</u>: The parties do not believe that discovery needs to be conducted in phases, limited, or focused on particular issues. Discovery will be sought by the Parties on the following non-exhaustive list of topics: the allegations of the Complaint, the denials and defenses RBP makes to the Complaint, and alleged damages.

(c) <u>Electronic Discovery</u>: The parties discussed the types of electronically-stored information that may be discoverable and the form(s) in which that information may be available and produced.

~~The parties do not expect there to be significant electronic discovery in this case and have agreed to discuss, in good faith, the relevancy, availability, and retrieval of electronically-stored information as necessary throughout the discovery period.~~

  i. For all ESI discovery permitted under Rule 26, the parties agree to limit the relevant periods (the "Relevant Period") for discovery from the various parties from February 23 of 2015 (the date Mr. Hairston was hired) to February 21 of 2017 (the date of termination of employment).

  ii. Preservation: The parties that Defendant will provide Plaintiff with a communication by June 8, 2018, describing how electronically stored information ("ESI") has been preserved to date, including litigation hold processes that have been implemented and the identification of ESI repositories where potentially responsive ESI may reside. The parties agree

- 2 -

    to securely maintain, and not destroy or delete, sources of potentially discoverable information created during the Relevant Period, including, to the extent they exist, (i) email back-up tapes, computer hard drives and servers, and (ii) network back-up tapes (i.e. tapes or other similar media onto which back-up systems store ESI).  To the extent they exist, the parties agree to preserve all such back-up tapes and other ESI created during the Relevant Period.

iii. Search Terms:  The parties have agreed to the following protocol regarding the use of search terms to decrease the scope of production in a manner consistent with the letter and spirit proportionality embodied in Rule 26(b).  The parties have agreed to an iterative search process and to exchange multiple sets of search terms.  At the end of the process, the search terms provided by the Searching Party will be applied to the ESI of the Producing Party.  The Producing Party will then create an ESI data set with the results and that ESI will be produced subject to an agreed ESI Protocol.  The first set of search terms will be proposed by Plaintiff on June 8, 2018.  Thereafter, the parties will work in good faith to revise the list of search terms based upon the reasonable requests of the Searching Party and the provision of search term results from the Producing Party, to include for each set of search terms, the total number of documents (including attachments) identified within the full data set for each search term responsive ESI will be produced by or before the deadlines applicable under the Requests for Production of Documents and Rule 34.  The parties agree

**Formatted:** Not Highlight

                    to work in good faith to agree upon reasonable search terms and Key Custodians.

      iv.    Identification of Custodians:  To facilitate the identification of the appropriate employees who may possess relevant documents, the parties agree to provide to each other on or before June 8, 2018 the identification of employees and third parties that they reasonably believe could have access to, control over or responsibility for potentially discoverable information.  The parties will meet and confer in good faith and exchange additional information as may be necessary to facilitate the identification, and limit the number, of employees for whom the provisions of this section shall be applicable.  The parties have also agreed to work in good faith to identify on whether particular individuals are "Key Custodians" or "Non-Key Custodians".  ESI is required to be collected only from Key Custodians.  Non-Key Custodians are required to receive a litigation hold memorandum.

      v.    When properly requested in discovery or otherwise required to be produced pursuant to the Rules, electronically stored discoverable information shall be provided to the opposing party either by email, by providing the opposing party with a CD-ROM, DVD, or USB containing the electronically stored data in PDF format.

(d)    Privilege:  The parties anticipate that there may be limited issues relating to claims of privilege once discovery commences.  Both parties agree to address each issue on a case-by-case basis.

(e) <u>Limitations on Discovery</u>

(i) The parties agree that each party shall be limited to 25 interrogatories, including parts and sub-parts, to any other party.

(ii) The parties agree that they shall be limited to 10 depositions per side (with no more than 5 depositions of non-party, non-expert witnesses).

(iii) <u>Proposed Scheduling Order</u>: Pursuant to Rule 26(f), the parties jointly propose the following agreed plan amending the discovery provisions normally set forth by the Court:

(1) <u>Deadline to Complete Discovery</u>: **March 1, 2019**

(2) <u>Deadline to File Dispositive Motions</u>: **March 29, 2019**

(3) <u>Deadline for Expert Disclosures</u>: At this time, the parties do not anticipate using experts in this case. If any experts are used, the parties agree on the following deadlines for expert disclosures:

(a) Plaintiff's Expert Disclosures: **November 2, 2018**

(b) Defendants' Expert Disclosures: **December 21, 2018**

(4) <u>Deadline for Jury Instructions and Special Interrogatories</u>: Proposed jury instructions and special interrogatories must be submitted to the Court **seven (7) days** prior to trial.

(5) <u>Deadline to Join Other Parties and/or to Amend Pleadings</u>: Any motion to join other parties and/or to amend the pleadings must be filed **one hundred twenty (120) days** prior to the close of discovery.

(f) <u>Protective Order</u>: The parties discussed the probable need for a protective order in this action because of the nature and confidentiality of some of the documents and

information likely to be sought in discovery. Should a protective order be necessary, ~~the parties have agreed to work together to propose jointly an order to the Court~~<ins>Defendant will provide Plaintiff with a proposed order when Defendant serves discovery requests</ins>.

(g) <u>Inadvertent Production</u>: The parties agree that the inadvertent production of documents subject to a claim of privilege or immunity shall not constitute a waiver of the immunity or privilege. Such inadvertently produced documents and all copies thereof shall be returned to the producing party within **two (2) days** of discovery or notice of the inadvertent production, whichever occurs earlier.

(h) <u>No Waiver of Objections</u>: By agreeing to preserve potentially discoverable information in accordance with the terms hereof, the parties do not waive any objection to the discovery or admissibility of such information.

6. <u>Assignment to Magistrate Judge</u>: The parties do not consent to trying this case before a U.S. Magistrate Judge.

- 6 -

Dated: May 11, 2018.

| FOR PLAINTIFF: | FOR DEFENDANTS: |
|---|---|
| | _/s/ Joon Hwang_____ |
| Thomas E. Strelka, Esq. (VSB # 75488) | Joon Hwang (VSB # 82248) |
| L. Leigh R. Strelka, Esq. (VSB # 73355) | Yvette Gatling (Admission Forthcoming) |
| STRELKA LAW OFFICE, P.C. | LITTLER MENDELSON, P.C. |
| Warehouse Row | 1650 Tysons Boulevard, Suite 700 |
| 119 Norfolk Avenue, S.W., Suite 330 | McLean, Virginia 22102 |
| Roanoke, VA 24011 | Tel: 703.442.8425 |
| Tel: 540-283-0802 | Fax: 703.442.8428 |
| thomas@strelkalaw.com | jhwang@littler.com |
| leigh@strelklaw.com | ygatling@littler.com |

### CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2018, I electronically filed the foregoing *Joint 26(f) Planning and Discovery Plan* with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to the following counsel of record:

Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
STRELKA LAW OFFICE, PC
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
Tel: 540-283-0802
thomas@strelkalaw.com
leigh@strelklaw.com

*Counsel for Plaintiff*

    /s/ Joon Hwang
Joon Hwang (VSB# 82248)
LITTLER MENDELSON, P.C.
1650 Tysons Boulevard, Suite 700
McLean, Virginia  22102
Tel: 703.442.8425
Fax: 703.442.8428
jhwang@littler.com

*Counsel for Defendant*