

Thomas E. Strelka
**thomas@strelkalaw.com**

L. Leigh R. Strelka
**leigh@strelkalaw.com**

Jacqueline B. Chaffee
**jacqueline@strelkalaw.com**

N. Winston West, IV
**winston@strelkalaw.com**

May 31, 2018

**Via CM/ECF Filing**

Yvette Gatling, Esq.
Joon Hwang, Esq.
Littler Mendelson, P.C.
1650 Tysons Blvd., Suite 700
Tyson Corner, VA 22102

      Re:    *Hairston v. Westlake Chemical Corporation, et al.*
                1:18-cv-0003 | Depositions & ESI

Dear Counsel:

## Depositions

      You have noticed Mr. Hairston for a deposition on June 27, 2018. As we indicated to you earlier over email, and as is the norm in litigation, depositions do not normally occur until after written discovery has been exchanged and reviewed. I know from your May 15, 2018 email that you believe all written discovery will be exchanged at that time. However, for reasons provided below regarding electronically stored information, we have a good faith basis to believe that we will not have all of the relevant materials by that time. Additionally, June 27 falls immediately before we have to travel to the Fourth Circuit Judicial Conference and that day is probably going to fairly hectic for a full deposition. By my math, the discovery period does not end until February 5, 2019. We have plenty of time to work out any issues before diving into live discovery. We would propose dates in August for depositions. Please provide us with some dates in that month or after that work with your schedule for a deposition of Mr. Hairston. Additionally, I respectfully request that you withdraw your notice of Mr. Hairston's deposition or we will be forced to file a Motion to Quash.

## Electronically Stored Information

      As of the date of this letter you have refused to engage in the drafting of a plan regarding how electronically stored information ("ESI") will be considered and produced. We have provided a draft plan pursuant to Rule 26(f) however, you indicated that you

favored moving forward without specifically addressing the protocols of production of ESI in the plan.  You raised similar contentions to Judge Sargent in our telephonic conference on May 14, 2018.  Judge Sargent stated that she found this conduct "suspicious" and was concerned that evidence "had been lost."   Please provide your thoughts on how you believe ESI should be identified, searched and produced.  We previously outlined to you a custodian/search word method that the Defendant employer was compelled to follow in *Wagoner v. Lewis Gale*, Case Number 7:15-cv-570 (W.D. VA July 13, 2016).  In addition, the Western District of Virginia, among other courts, endorse the Sedona Conference guidelines regarding the discussion of ESI preservation and production <u>during the Rule 26(f) conference</u>. *See Hanwha Azdel, Inc. v. C&D Zodiac, Inc.*, Civil Action No. 6:12-cv-0023, 2015 U.S. Dist. LEXIS 39329, at *20-*21 (W.D. Va. Feb. 18, 2015) (Ballou, J).  The Sedona Conference counsels that the parties agree to ESI production and preservation methods during the Rule 26(f) conference in order to avoid Court intervention in discovery disputes. *See* 18 Sedona Conference J. 152-53.   Having discussions and agreements on how ESI may be handled in this case lends toward efficiency overall and decreased costs of litigation.  We invite you to participate in this process as required.

## Moving Forward

I believe we can successfully navigate this matter without the use of tactics that would seek to slow down the process of litigation.   I look forward to hearing from you on the issues of depositions and ESI.

Sincerely,

Thomas E. Strelka