# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **MARK ANTHONY HAIRSTON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18CV00003 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ROYAL BUILDING PRODUCTS, INC.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Thomas E. Strelka, Strelka Law Office, PC, Roanoke, Virginia, for Plaintiff; Yvette V. Gatling, Littler Mendelson, P.C., McLean, Virginia, for Defendant.*

In this race discrimination case, the plaintiff has moved to amend the Complaint to add class claims. The defendant opposes the motion. Because the motion comes late in the discovery period and the proposed amendment would change the character of the litigation, requiring extensive additional discovery, I will in my discretion deny the plaintiff's motion.

I.

Hairston, who is African-American, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in June 2017 and received a Dismissal and Notice of Rights letter dated October 31, 2017. His EEOC charge alleged that the defendant, his former employer, subjected him to hostile and discriminatory working conditions on account of his race and that his supervisors

retaliated against him for complaining of race-based discrimination. Hairston timely filed his Complaint in this case on January 25, 2018.

The original Complaint asserts a claim of race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), a retaliation claim under Title VII, a hostile environment discrimination claim under Title VII, a race discrimination claim under 42 U.S.C. § 1981, a retaliation claim under § 1981, and a hostile environment discrimination claim under §1981. The Complaint does not allege pay discrimination and only asserts claims on behalf of Hairston individually.

On December 13, 2018, approximately 11 months after filing the Complaint, Hairston moved for leave to file an amended complaint asserting class claims.[1] The proposed new claims were prompted by information the plaintiff received in discovery about two weeks earlier, in late November. Hairston filed his motion before the February 5, 2019, deadline for amended pleadings established by the Scheduling Order. In the proposed amended complaint, Hairston alleges that black and other minority employees of the defendant were on average paid less than white employees with the same job titles. He further alleges that black employees were disproportionately affected by reductions in force. He seeks to represent a class identified as "all current and former African American and minority

---

[1] The proposed amended complaint was submitted for in camera review, and Hairston has moved for it to be filed under seal because it contains salary information and other details concerning specific former employees of the defendant.

employees of Defendant employed from 2015 through the present, who have been exposed to discrimination based upon their race or national origin including disparate pay predicated on same." First Am. Class Action Compl. ¶ 59. On behalf of this class, Hairston seeks to assert new class claims of race discrimination under Title VII, based on a hostile environment, pay disparity, and discriminatory terminations, as well as § 1981 claims based on the same theories. The proposed amended complaint also continues to assert the individual claims contained in the original Complaint.

The defendant opposes the plaintiff's motion to amend on a number of grounds, including that the proposed amendment would be futile because, among other reasons, Hairston failed to exhaust his administrative remedies as to the class claims, some of the pay discrimination claims would be time barred, and the plaintiff cannot satisfy the elements of numerosity, commonality, typicality, and adequacy required for class actions. *See* Fed. R. Civ. P. 23(a). The defendant also argues that many of the allegations pertain only to Hairston individually and that Hairston is not an appropriate class representative. Moreover, the defendant argues that allowing amendment at this stage would significantly delay the proceedings and would be unjust. The plaintiff's motion has been fully briefed and orally argued.

II.

Federal Rule of Civil Procedure 15 provides that in order to amend his Complaint at this juncture, Hairston must obtain either the defendant's consent or leave of court. The court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, "a district court has discretion to deny a motion to amend a complaint, so long as the court does not 'outright refus[e] to grant the leave without any justifying reason.'" *Howard v. Lakeshore Equip. Co.*, 482 F. App'x 809, 811 (4th Cir. 2012) (unpublished) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Denial of leave to amend is appropriate "when the amendment would be prejudicial to the opposing party," when the plaintiff has acted in bad faith, or when the amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotation marks and citations omitted). In ruling on a motion for leave to amend, the court may also balance the equities and consider whether the proposed amendment would require additional discovery. *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 440 (4th Cir. 2011). An amendment that "would change the nature of the litigation" may unduly prejudice the defendant, particularly when made late in the proceedings. *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 604 (4th Cir. 2010).

Plaintiff's Motion for Leave to File Amended Class Complaint was filed before the deadline for amended pleadings and does not appear to have been made

in bad faith. Nevertheless, it comes late in the proceedings and would significantly change the nature of this litigation, requiring extensive additional discovery. Hairston's EEOC charge did not put the defendant on notice that he would be alleging pay discrimination. The Complaint did not alert the defendant that disparate pay would be an issue, nor did it notify the defendant that Hairston would be asserting claims on behalf of anyone other than himself.

The trial in this case is currently scheduled to begin on May 6, 2019, just over three months from now. The addition of the proposed class claims would necessitate cancelling the trial and reopening discovery for additional months while the parties explored facts relevant to the defendant's other locations and hundreds of additional employees. The plaintiff has indicated that he intends to retain an expert witness to analyze statistical data, which would likely lead the defendant to identify a counter-expert, both of whom would have to be deposed and would likely be the subject of motions in limine. Because of the court's full calendar, the trial may have to be delayed for a year or more. I find that allowing the proposed amendment at this time would therefore unfairly prejudice the defendant and would not promote the interests of justice. The plaintiff is certainly free to initiate a separate class action against the defendant, but he will not be permitted to bring his contemplated class claims in this case, which is already well underway.

Because the proposed amended complaint will not be operative, I find that allowing it to be filed under seal will not harm the public's interest in accessing court records. I will therefore grant the plaintiff's motion to seal the proposed amended complaint.

III.

For the foregoing reasons, it is **ORDERED** that the Motion for Leave to File Amended Class Complaint / Motion to File Under Seal, ECF Nos. 57 and 79, is GRANTED IN PART AND DENIED IN PART. The motion to amend is denied, the motion to seal is granted, and the Clerk shall file the proposed First Amended Class Complaint under seal.

ENTER: January 28, 2019

/s/ James P. Jones
United States District Judge