# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **MARK ANTHONY HAIRSTON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18CV00003 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ROYAL BUILDING PRODUCTS, INC.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*N. Winston West IV, Strelka Law Office, PC, Roanoke, Virginia, for Plaintiff,
Yvette V. Gatling and Joon Hwang, Littler Mendelson, P.C., McLean, Virginia, for
Defendant.*

In this employment discrimination case, the plaintiff has moved for
reconsideration of the magistrate judge's order denying his motion to compel two
former managerial employees of the defendant to testify about their discussions
with defense counsel in deposition preparation meetings. The magistrate judge
held that these conversations between the former employees and counsel for the
company were protected by the attorney-client privilege. Mem. Order, Feb. 15,
2019, ECF No. 93.

A magistrate judge's ruling as to nondispositive matters may be reversed
only upon a finding that the order is clearly erroneous or contrary to law. 28
U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). An order is clearly erroneous when
"although there is evidence to support it, the reviewing court on the entire evidence

is left with the definite and firm conviction that a mistake has been committed." *Minyard Enters., Inc. v. Se. Chem. & Solvent Co.*, 184 F.3d 373, 380 (4th Cir. 1999) (internal quotation marks and citation omitted). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United Mktg. Sols., Inc. v. Fowler*, No. 1:09-CV-1392-GBL-TCB, 2011 WL 837112, at *2 (E.D. Va. Mar. 2, 2011) (citation omitted).

The privilege asserted here is governed by "the principles of the common law as interpreted by the courts of the United States in the light of reason and experience." Fed. R. Evid. 501 advisory committee notes to 1974 enactment. The attorney-client privilege applies when the person claiming the privilege has, as a client, consulted an attorney to secure legal services, and in connection with those services, information intended to be confidential has been communicated. *In re Grand Jury Proceedings*, 727 F.2d 1352, 1355 (4th Cir. 1984). The essence of the privilege is protection of what was expressly made confidential or should have been reasonably assumed by the attorney as so intended. *United States v. Jones*, 696 F.2d 1069 (4th Cir. 1982).

In the corporate context, the protections of the attorney-client privilege extend to employees. *Upjohn Co. v. United States*, 449 U.S. 383, 391-95 (1981). In *Better Gov't Bureau, Inc. v. McGraw (In re Allen)*, 106 F.3d 582, 606 (4th Cir. 1997), the Fourth Circuit held that "the analysis applied by the Supreme Court in

*Upjohn* to determine which employees fall within the scope of the privilege applies equally to former employees." Thus, it is settled law in this circuit that the attorney-client privilege held by a corporation extends to communications made by former employees to company counsel. The plaintiff's attempt to characterize the two former managerial employees at issue here as third parties whose communications to counsel are unprotected by the attorney-client privilege is contrary to law. The plaintiff has not met his burden of demonstrating that the magistrate judge's order was clearly erroneous, and the plaintiff therefore is not entitled to relief under Rule 72(a).

For the foregoing reasons, it is **ORDERED** that Plaintiff's Motion for Reconsideration by District Judge of Order Denying Plaintiff's Motion to Compel Brown and Jacobson Deposition Testimony, ECF No. 99, is DENIED.

ENTER: April 9, 2019

/s/  James P. Jones
United States District Judge